### J. G. AND W. J. BRIGGS V. B. A. PIERSON.

#### No. 634.

1. **Charge—Preponderance of Evidence.**—In an action of trespass to try title involving the question of boundary line between two adjoining surveys, the testimony was conflicting as to its locality. *Held*, the court should have instructed the jury, that "the burden of proof was upon plaintiffs to establish their case by a preponderance of the testimony." It was reversible error to instruct "that the evidence should be construed against the plaintiffs in case of reasonable doubt upon the issue, where they had the affirmative," as it was equivalent to directing them, in case of reasonable doubt, to find for the defendant: the burden of proof being upon plaintiffs.

2. **Copies of Field Notes of Adjoining Surveys.**—In cases of disputed boundaries the field notes of adjoining surveys are competent, as also the field notes of the conflicting surveys.

APPEAL from Falls.    Tried below before Hon. JOHN G. WINTER, Special District Judge.

*W. M. James*, *B. H. Rice*, and *F. M. Boyles*, for appellants.—1. On questions of ancient boundary, the declarations of a deceased surveyor who claims, or is shown, to have actually made the system of surveys, and who claims or appears to have knowledge of the lines and corners thereof, are admissible evidence; and while said declarations, though made long after the making of the original survey, but which were made while upon the ground reviewing and pointing out to the witnesses said lines and corners, though not res gestæ, are competent testimony when offered to establish the boundary of said system of leagues, or either of them, and it is error to exclude said declarations and acts of said deceased surveyor.    Griffith v. Sauls, 77 Texas, 630; Whitman v. Haywood, 77 Texas, 557; Linney v. Wood, 66 Texas, 22; Evans v. Hurt, 34 Texas, 111; Id., 49 Texas, 311; Stroud v. Springfield, 28 Texas, 649; Waelder v. Carroll, 29 Texas, 317; Welder v. Hunt, 34 Texas, 44; Doggett v. Shaw, 5 Metc. (Mass.), 223; Blythe v. Southerland, 3 McCord, 258; Hunnicut v. Peyton, 102 U. S., 362–367; Bartlett v. Emerson, 7 Gray (Mass.), 174; Long v. Colton, 116 Mass., 414; Bender v. Pitzer, 27 Pa. St., 333; Whart. on Ev., ed. 1879, sec. 191, and notes.

2. The court erred in the concluding paragraph of its charge to the jury, as follows, to wit:   [See opinion.]

(1) It is only incumbent upon the plaintiff to establish his case by a preponderance of evidence, it not being necessary to do so beyond a reasonable doubt.

(2) Because undue prominence is given to plaintiff's duty to make out his case.

(3) Because the court directs the jury to give to the evidence that construction which is most against plaintiff, and in effect is equivalent

to a direction to find for defendant. McBride v. Banguss, 65 Texas, 174; Blum v. Strong, 71 Texas, 321; Potter v. Wheat, 53 Texas, 401; Railway v. Harriett, 80 Texas, 73; Burcham v. Gann, Posey's U. C., 334–345.

*J. A. Martin,* for appellee.—1. While the declarations of deceased persons concerning ancient boundaries are competent evidence, there must be proof that the person making the declarations knew the facts whereof he undertakes to speak; this is a condition precedent, and the proof must be aliunde his own unsworn statement to that effect. Russell v. Hunnicutt, 70 Texas, 657; Titterington v. Trees, 78 Texas, 570; Hunnicut v. Peyton, 12 Otto, 333 (Texas case.)

2. Field notes of adjacent surveys and testimony concerning the lines and corners of same are not admissible simply because they are adjacent surveys; they are admissible only when they throw some light on the true location of the lines and corners of the survey in controversy, and this must be made to appear affirmatively before this court can say that the exclusion of such evidence is error. Milliken v. Smoot, 64 Texas, 171; Moss v. Cameron, 66 Texas, 412; Overstreet v. Manning, 67 Texas, 664.

COLLARD, ASSOCIATE JUSTICE.—This is a boundary suit brought in form of trespass to try title, by J. G. and W. J. Briggs, appellants, against B. A. Pierson, appellee, June 12, 1889, resulting in a verdict and judgment for defendant, from which plaintiffs have appealed.

Appellants state the issue between the parties as follows:

"The appellants claimed that the land in controversy, a narrow strip along the west line of the Seward league, was on said league, and that they therefore had title to it. This the defendant denied. The following agreement was used on the trial, and appears in the record, page 3: ' It is agreed, that the plaintiffs have the title to all of the land sued for which is on the Seward league, and also within the boundaries of the deed from Seward to Kennard, and the defendant has title to all of the land which is on the Willis J. Smith survey, and the issues are as to the position of the west line of the Seward league and the west line of the Kennard tract.' The appellants claim that the Kinnard (or Kennard) tract is in the northwest corner of the Seward league. The land claimed by the appellee under the Smith patent is described as follows: Beginning on the west line of the Seward league for the southeast corner of this survey, at a stake in the prairie; thence north 30 west, 1541 varas with the west line of said league, to a stake in the south line of the Narcissa Slatter league, for the northeast corner of this survey; thence south 60 west, 1170 varas to a stake in the prairie for the northwest corner of the survey; thence south 30 east, 1541 varas to a stake in the prairie for the southwest cor-

ner of this survey; thence north 60 east, 1170 varas to the place of beginning. The strip of land in controversy is about 367 varas wide by 1250 varas long. The appellants claim that the west line of the Seward league should be at a point 367 varas west of the point where the appellee locates it; and this gives rise to the controversy."

Many of the questions raised by the assignments of error in this case were considered at the present term of the court in the case of the same parties plaintiff against Edward Pierson, and decided adversely to the appellants.

In the concluding part of the court's charge in the case at bar, the court instructed the jury as follows: "It is plaintiff's duty to show and establish his corners as he contends for them, and that his survey embraces the land, or a part thereof, in controversy; hence it follows, that if the evidence leaves you in reasonable doubt as to the location of the lines and corners in controversy, and the true location of the land in controversy, you are to give the evidence that construction which is most against the party asserting the claim, for it is incumbent on him to show to you by reasonably satisfactory evidence where the survey was located, and to furnish you with data by means of which you can reach a conclusion."

Appellants complain of this charge as error.

*Opinion.*—There was a conflict in the testimony as to where the line in dispute, the west line of the Seward league, was; some of it tending to sustain plaintiffs, and some to sustain the contention of defendant. The burden of proof was upon plaintiffs to establish their case by a preponderance of the testimony. This is the rule which the court should have given to the jury. To tell the jury that the evidence should be construed against plaintiffs in case of reasonable doubt upon the issue where they had the affirmative, was equivalent to directing them, in case of reasonable doubt, to find for defendant, the burden of proof being upon plaintiffs.

At no stage of the evidence should the jury be instructed to construe it for either party, but to decide according to the preponderance of the evidence. We are constrained to hold that the charge is erroneous.

In other respects, the court's charge as given is a clear and comprehensive presentation of the law applicable to the case, and was sufficient without the addition of special charges asked by plaintiffs and refused.

We find no other error in the case demanding a reversal of the judgment, according to our understanding of the agreement of the parties; but we think upon another trial the court might properly admit in evidence the field notes of the Smith and the prior surveys.

The judgment of the lower court is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered June 21, 1894.